ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSHUA ANTONIO DEL VALLE HERNÁNDEZ<br><br>Peticionario | TA2025CE00900 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Casos Núm.:<br>D SC2025G0037<br>D SC2025G0038<br><br>Sobre: Art. 412 Ley 4 (1971) Grave Recl. Art. 192 CP (2012) Menos Grave |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Compareció el Sr. Joshua Del Valle Hernández (en adelante, "señor Del Valle Hernández" o "peticionario") mediante el recurso de *certiorari* de epígrafe presentado el 15 de diciembre de 2025. Nos solicita la revisión de la *Sentencia* emitida el 6 de octubre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia declaró culpable al peticionario por violación al Artículo 404 (a) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA sec. 2404 (en adelante, "Ley Núm. 4-1971") y el Artículo 192 del Código Penal de Puerto Rico de 2012, según enmendado, 33 LPRA sec. 5262 (en adelante, "Código Penal"). Por la comisión de todos estos delitos, el peticionario fue sentenciado a cumplir una pena de reclusión de dos (2) años.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *certiorari.*

**-I-**

El 21 de diciembre de 2024, el Ministerio Público presentó dos *Denuncias* contra el señor Del Valle Hernández por alegadas infracciones a los Artículos 404 (a) y 412 de la Ley Núm. 4-1971, *supra.*[1] Luego, el 26 de febrero de 2025, el señor Del Valle Hernández presentó una moción sobre *Renuncia del (de la) acusado(a) a vista preliminar*[2] y así quedó consignado en la *Resolución*[3] emitida por el foro de instancia en igual fecha. Consecuentemente, el 28 de febrero de 2025, el Ministerio Público presentó dos *Acusaciones* por los mismos delitos imputados en las denuncias.[4]

El 5 de marzo de 2025, el foro de instancia celebró el acto de lectura de acusación.[5] Ese mismo día, el señor Del Valle Hernández presentó una moción sobre *Renuncia al derecho a juicio por jurado*[6] y suscribió una *Alegación de culpabilidad*[7]. Mediante esta última, las partes informaron que el señor Del Valle Hernández hizo alegación de culpabilidad por el Artículo 404 (c) de la Ley Núm. 4-1971*, supra,* y el Artículo 192 del Código Penal, *supra.*[8] Así pues, el foro de instancia aceptó la alegación de culpabilidad y ordenó la reclasificación de los delitos correspondientes.[9] A su vez, el foro de instancia refirió al señor Del Valle Hernández a la Oficial Socio-Penal con el fin de que esta realizara una investigación y redactara un informe pre-sentencia para determinar si el acusado cualifica para el privilegio del Artículo 404 (c) de la Ley Núm. 4-1971, *supra.*[10]

---

[1] SUMAC-TA, entrada núm. 1, apéndice núm. 5, anejo núm. 2.
[2] *Id.,* apéndice núm. 10, anejo núm. 7.
[3] *Id,* apéndice núm. 11, anejo núm. 8.
[4] *Id.,* apéndice núm. 12, anejo núm. 9.
[5] *Id.,* apéndice núm. 13, anejo núm. 10.
[6] *Id.,* apéndice núm. 14, anejo núm. 11.
[7] *Id.,* apéndice núm. 16, anejo núm. 13. Véase, además, apéndice núm. 15, anejo núm. 12.
[8] *Id.*
[9] *Id.,* apéndice núm. 13, anejo núm. 10.
[10] *Id.,* apéndice núm. 17, anejo núm. 14.

Tras obtener un informe pre-sentencia negativo, el foro de instancia celebró dos vistas —una, el 19 de mayo de 2025[11] y otra, el 18 de junio de 2025[12]— con la intención de dictar sentencia. No obstante, en ambas vistas, el foro de instancia concedió términos adicionales al señor Del Valle Hernández para corregir asuntos relacionados a una deuda de pensión alimentaria y una petición de quiebra. Asimismo, en ambas vistas, el foro de instancia indicó que en el referido informe constaba la falta de interés del acusado en el proceso.

El 4 de agosto de 2025, el foro de instancia celebró otra vista en la que indicó que había ordenado la realización de un informe suplementario y manifestó que el mismo era negativo.[13] Además, explicó que "el Programa de Comunidad no lo está recomendando para ningún privilegio porque él no ha mostrado interés en cumplir. Del informe surge que se ha ausentado en 7 ocasiones a las terapias y no se excusa, y aún no está claro lo de la deuda de pensión alimentaria". Tras el acusado negar lo anterior, el foro de instancia le dio una oportunidad para impugnar el informe presentado por la técnica sociopenal.

El 27 de agosto de 2025, el foro de instancia celebró una vista para la impugnación del referido informe.[14] Allí, el foro de instancia concedió una oportunidad al señor Del Valle Hernández para presentarle a la técnica sociopenal la evidencia de los pagos de pensión alimentaria y la petición de quiebra.

El 6 de octubre de 2025, el foro de instancia celebró otra vista para impugnar el informe en la cual las partes tuvieron oportunidad de interrogar a la técnica sociopenal.[15] Tras haber escuchado los argumentos de las partes, el foro de instancia determinó que el

---

[11] *Id.,* apéndice núm. 18, anejo núm. 15a.
[12] *Id.,* apéndice núm. 19, anejo núm. 15b.
[13] *Id.,* apéndice núm. 20, anejo núm. 15c.
[14] *Id.,* apéndice núm. 21, anejo núm. 16a.
[15] *Id.,* apéndice núm. 22, anejo núm. 16b.

acusado incumplió con la condición de pagar la pensión alimentaria. Por lo que, concluyó que no había impedimento legal para dictar sentencia. Así pues, en corte abierta y notificada al día siguiente, el foro de instancia dictó *Sentencia*[16] mediante la cual declaró culpable al señor Del Valle Hernández por violación al Artículo 404 (a) de la Ley Núm. 4-1971, *supra,* y el Artículo 192 del Código Penal, *supra.* Por la comisión de todos estos delitos, el peticionario fue sentenciado a cumplir una pena de reclusión de dos (2) años.

En desacuerdo, el 31 de octubre de 2025, el señor Del Valle Hernández presentó una *Moción en solicitud de reconsideración.*[17] Alegó que, en la medida que hizo alegación por el Artículo 404(c) de la Ley Núm. 4-1971, *supra,* lo que procedía era la imposición de una multa no menor de $1,000 ni mayor de $10,000 y una pena de prestación de servicios comunitarios hasta un máximo de seis (6) meses. Explicó, además, que solo procedía dictar sentencia conforme al inciso (a) del Artículo 404 de la Ley Núm. 4-1971, *supra,* si el convicto violaba las condiciones impuestas durante el cumplimiento de las penas.

Así las cosas, el foro de instancia dictó —el 7 de noviembre de 2025 y notificó el 14 de noviembre de 2025— una *Resolución* en la cual denegó la solicitud de reconsideración y explicó como sigue:

> [...] Este tribunal luego de evaluar el expediente judicial y a base de la prueba presentada en la vista decidió dictar sentencia por el artículo 404 (a) de la ley de Sustancias Controladas, delito por el cual hizo alegación de culpabilidad. Tal y como expresamos anteriormente, para poder ser referido a ser considerado por el artículo 404 (c) de la ley de Sustancias Controladas, el convicto tiene que hacer una alegación de culpabilidad por el inciso (a) de dicho artículo 404. De no cualificar para el inciso (c) o (b) del artículo 404, el tribunal tendría que sentenciarlo por el delito que hizo alegación de culpabilidad, que de conformidad a lo que establecen los incisos (b) y (c) del Artículo 404 de la Ley de Sustancias Controladas, es por el inciso (a) de dicho artículo.[18]

---

[16] *Id.,* apéndice núm. 3 y 4, anejo núm. 1a y 1b.
[17] *Id.,* apéndice núm. 6, anejo núm. 3.
[18]*Id.,* apéndice núm. 7 y 8, anejo núm. 4 y 5.

Inconforme, el 15 de diciembre de 2025, el señor Del Valle Hernández recurrió ante nos mediante el presente recurso de *certiorari* y esbozó los señalamientos de error siguientes:

> ABUS[Ó] DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL SENTENCIAR AL PETICIONARIO A CUMPLIR DOS AÑOS DE RECLUSIÓN EN CONTRAVENCIÓN DE LO DISPUESTO EN EL ART. 404 (C) DE LA LEY 4-1971, SEGÚN ENMENDADA POR LA LEY 356-2000, Y EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY, DEJANDO SIN EFECTO LOS ACUERDOS ENTRE LAS PARTES, ACEPTADO POR EL JUEZ QUE PRESIDIÓ EL JUICIO Y TRIBUNAL.
>
> VIOLÓ EL PRINCIPIO DE LEGALIDAD Y ABUS[Ó] DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL SENTENCIAR AL PETICIONARIO A CUMPLIR DOS AÑOS DE RECLUSIÓN AL IMPONER AL PETICIONARIO REQUISITOS APLICABLES A LA LEY DE SENTENCIA SUSPENDIDA AL BENEFICIO DISPUESTO EN EL ART. 404(C) DE LA LEY 4-1971, SEGÚN ENMENDADA POR LA LEY 356-2000, Y EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY, DEJANDO SIN EFECTO LOS ACUERDOS ENTRE LAS PARTES, ACEPTADO POR EL JUEZ QUE PRESIDIÓ EL JUICIO Y TRIBUNAL.[19]

Por su parte, el 14 de enero de 2026, el Pueblo de Puerto Rico por conducto de la Oficina del Procurador General presentó *Escrito en cumplimiento de orden.[20]*

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Certiorari criminal**

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Pueblo Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372, (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009). Esto es, distinto al recurso de apelación, el foro revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* supra; *Pueblo v. Díaz De León,* supra, pág. 918. Sin

---

[19] SUMAC-TA, entrada núm. 1, págs. 10-11.
[20] SUMAC-TA, entrada núm. 3.

embargo, la discreción del Tribunal revisor no es irrestricta. *Pueblo v. Rivera Maldonado*, supra. Así pues, nuestro ordenamiento jurídico aclaró que el foro revisor al ejercer su discreción debe hacerlo con cautela y por razones de peso. *Pueblo v. Díaz De León*, supra, pág. 918.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025), establece unos criterios para que el Tribunal Intermedio ejerza con prudencia su discreción al momento de atender una solicitud de expedición de un auto de *Certiorari. Pueblo v. Rivera Maldonado*, supra. En lo pertinente, la referida regla establece los criterios siguientes:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con

prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Maldonado*, supra, pág. 373.

Expuesto el derecho aplicable, procedemos atender el recurso de *certiorari* ante nuestra consideración.

**-III-**

En el caso ante nos, el peticionario alega que el foro de instancia abusó de su discreción por las dos razones siguientes: (i) dictar *Sentencia* conforme al Artículo 404(a) de la Ley Núm. 4-1971, *supra,* en contravención al inciso (c) del mencionado artículo por el cual hizo alegación de culpabilidad; y (ii) imponer requisitos de sentencia suspendida al Artículo 404(c) de la Ley Núm. 4-1971, *supra.* Además, alega que esa actuación del foro de instancia violó su debido proceso de ley y el principio de legalidad.

Primero, nos parece pertinente señalar que el juez de instancia tiene la facultad para imponer la sentencia que entienda procedente bajo la ley. En segundo lugar, el expediente refleja con claridad que el peticionario no cumplió con el inciso (c) del Artículo 404 de la Ley Núm. 4-1971, *supra,* toda vez que: (i) tenía una deuda de pensión alimentaria y sin un plan de pago; (ii) poseía un historial de consumo de sustancias controladas; (iii) necesitaba tratamiento ambulatorio, pero se ausentaba sin excusas a las terapias; y (iv) mostraba reiterado desinterés y falta de compromiso en el proceso. En tercer lugar, el foro de instancia fundamentó ampliamente su determinación en la *Resolución* emitida el 7 de noviembre de 2025 y notificada el 14 de noviembre de 2025. Véase, SUMAC-TA, entrada número 1, apéndice números 7 y 8, anejos números 4 y 5.

Así pues, tras examinar el expediente de epígrafe, no encontramos razones para expedir el auto e intervenir con la determinación recurrida. Tampoco surge que el foro de Instancia

haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de Instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra.*

En consecuencia, colegimos que no existe criterio jurídico que amerite nuestra intervención en el dictamen recurrido.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones